IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JENNY JOLLY     PLAINTIFF

V.     CIVIL ACTION NO. 1:20-cv-00184-GHD-DAS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY     DEFENDANT

## MEMORANDUM OPINION

Presently before this Court is Plaintiff's motion to remand this removed case to state court [26]. Upon due consideration, the Court finds that the motion should be granted.

### A. *Factual and Procedural Background*

The Plaintiff filed her complaint in this matter in the County Court of Lee County, Mississippi, against the Defendant Allstate on July 2, 2020 [Doc. 2; Lee County Court Case No. CV 2020-000707]. In her complaint, the Plaintiff, who is an Allstate motor vehicle insurance policyholder, alleges that she was involved in a two-vehicle automobile accident that was the fault of the other vehicle's driver [Doc. 2]. The Plaintiff further asserts that the other driver had insufficient insurance to cover the Plaintiff's damages [2]. The Plaintiff asserts a claim for uninsured/underinsured motorist coverage against Allstate seeking the amount of damages she sustained as a result of the subject accident [2]. In the complaint, the Plaintiff does not request a specific amount of damages, but specifically requests an award of punitive damages and limits her prayer for damages to an amount not to exceed $200,000.00. [Doc. 2, at p. 4].

The Defendant subsequently filed a notice of removal [1], removing the case to this Court based on diversity jurisdiction. The Plaintiff has now filed the pending motion to remand the case to state court [26]. As part of its motion and reply, the Plaintiff has submitted an affidavit, which the Court deems to be a binding signed stipulation, attesting that the damages in this case are

limited to no more than $75,000.00, which are the subject insurance policy's limits, because no extra-contractual damages may be awarded[1] and the Plaintiff thus cannot and will not attempt to execute on any judgment in excess of $75,000.00, excluding interest and costs [32].

### B.   *Standard of Review*

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### C.   *Discussion*

In the case *sub judice*, it is undisputed that the first prong of federal diversity jurisdiction, complete diversity, is satisfied, because the Plaintiff is a Mississippi resident and the Defendant is a Delaware corporation with its principal of business located in Illinois. A question has arisen, however, regarding the second prong of federal jurisdiction - whether the amount in controversy exceeds $75,000.00. Although the Plaintiff's Complaint did not request a specific amount in damages be awarded, the Plaintiff has now stipulated [Doc. 32] that she is not seeking and will not

---

[1] The Plaintiff's claims for punitive and extra-contractual damages, including bad faith denial of benefits, were dismissed on October 18, 2021 [18].

2

attempt to execute on any damage award in excess of $75,000.00, the federal diversity jurisdictional minimum.

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [the Plaintiff] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.' " *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

If the amount in controversy is ambiguous at the time of removal, however, the Court may consider a post-removal stipulation or affidavit, or other summary judgment-type evidence, to determine the amount in controversy. See *Gebbia v. Wal–Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal ... if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding that when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Lafargue v. Comprehensive Health Management, Inc.*, No. CV 19-11111, 2020 WL 3832663, at *3 (E.D. La. July 8, 2020).

Here, the Plaintiff's complaint does not request a specific amount of damages, and thus the precise amount in controversy was ambiguous at the time of removal. The Plaintiff has submitted a post-removal stipulation [32], however, that the Court deems binding as a total damages and value limit regarding all of the Plaintiff's pending claims – affirming that she is not seeking and

3

will not attempt to execute on any damages award greater than $75,000.00, which the Court considers a judicial admission precluding the Plaintiff from seeking or recovering more than that amount *in toto* as to all asserted claims [Doc. 32]. Given the Plaintiff's binding stipulation regarding damages, the Court finds that it may consider the stipulation in determining the amount in controversy, and hereby finds that amount in controversy in this matter is $75,000.00 or less, and thus the requirements for federal diversity jurisdiction are not present. See *De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit . . ."). The Court therefore finds that it is without jurisdiction to adjudicate this matter, and thus it shall remand the case to state court for adjudication.

For all of the foregoing reasons, the Court finds that the amount in controversy present in the Plaintiff's state court claims and complaint does not meet the federal diversity jurisdictional threshold; as a result, federal jurisdiction does not exist in this case and the case must be remanded to state court.

### D. Conclusion

In sum, Plaintiff's motion to remand to state court [26] shall be granted because diversity jurisdiction is not present; this case shall therefore be remanded to the County Court of Lee County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 19th day of July, 2022.

SENIOR U.S. DISTRICT JUDGE